2000 ME 209

**N.A. BURKITT, INC.**

v.

**CHAMPION ROAD MACHINERY LIMITED**

and

**Volvo Construction Equipment North America, Inc.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 2000.

Decided Dec. 5, 2000.

John A. Graustein (orally), Davis S. Sherman Jr., Drummond Woodsum & MacMahon, Portland, for plaintiff.

Margaret Minister O'Keefe (orally), Jeffrey M. White, Pierce Atwood, Portland, for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] The United States District Court for the District of Maine (*Hornby, C.J.*), acting pursuant to 4 M.R.S.A. § 57 (1989) and M.R. Civ. P. 76B, has certified the following question of state law:

> Are motorized graders "motor vehicles," as that term is defined in Maine's Motor Vehicle Dealers Act, 10 M.R.S.A. § 1171(11) (Supp.2000)?

We answer the certified question in the negative.

## I.  BACKGROUND

[¶ 2] N.A. Burkitt, Inc., was a dealer of motor-driven graders manufactured by Champion Road Machinery Limited. Graders are a type of large, motorized devices commonly used for snowplowing, landscaping, and road maintenance. They typically range in weight from 9420 pounds to over 40,000 pounds. The typical configuration of a grader includes a cab, where the operator sits, but there are no seats for passengers or trunks or beds for carrying personal property.

[¶ 3] Burkitt sold and serviced Champion-made graders pursuant to a Distributor Sales Agreement entered into in 1984. On November 15, 1999, Volvo Construction Equipment North America, Inc., notified Burkitt that it had assumed Champion's rights and obligations under the agreement and was terminating the agreement effective January 15, 2000. Burkitt responded that the agreement was subject to Maine's Motor Vehicle Dealers Act, 10 M.R.S.A. §§ 1171–1186 (1997 & Supp. 2000),[1] and that the termination violated the Act. Volvo responded that the Act did not apply and affirmed its intent to terminate the agreement. Burkitt then filed an action in the United States District Court, District of Maine, seeking injunctive relief.

[¶ 4] In an order denying Burkitt's motion for injunctive relief, the United States District Court preliminarily concluded that graders are not "motor vehicles" for purposes of the Act and, consequently, that Burkitt was not entitled to the Act's protections. The court noted, however, that the issue of whether the Dealers Act applied to the dealers of motorized graders might best be addressed to this Court. Burkitt filed a motion to certify question of law, and the court granted the motion

without objections from Champion or Volvo.

[¶ 5] The question presented requires us to interpret the term "motor vehicle" under the Motor Vehicle Dealers Act. No disputes exist as to the material facts of the case, no clear controlling precedents exist, and our determination of the question would, in one alternative, be determinative of the outcome in the United States District Court's case. *See* M.R. Civ. P. 76B(a); *Maine Green Party v. Sec'y of State*, 1997 ME 175, ¶ 2, 698 A.2d 516, 517.

## II.  DISCUSSION

[¶ 6] To give effect to the intent of the Legislature, our primary task is to determine the statute's plain meaning. *Burke v. Port Resort Realty Corp.*, 1999 ME 138, ¶ 8, 737 A.2d 1055, 1059. Therefore, we begin our analysis by examining the plain meaning of the term "motor vehicle" as that term is defined under the Dealers Act. *See Home Builders Ass'n of Maine, Inc. v. Town of Eliot*, 2000 ME 82, ¶ 4, 750 A.2d 566, 569. If the meaning of the language is clear, we interpret the statute to mean what it says. *Kimball v. Land Use Regulation Comm'n*, 2000 ME 20, ¶ 18, 745 A.2d 387, 392.

[¶ 7] The Motor Vehicle Dealers Act, as part of Maine's statutes on "Regulation of Trade," provides certain protections to and restrictions on dealers and manufacturers of "motor vehicles." 10 M.R.S.A. §§ 1171–1186. The Act defines a "motor vehicle" as follows:

> [A]ny motor driven vehicle, except motorcycles,[2] required to be registered under Title 29–A, chapter 5 [29–A M.R.S.A. § 351 et seq.].

10 M.R.S.A. § 1171(11). For purposes of the Dealers Act, therefore, a device is a "motor vehicle," if it is something that is

---

1. The full title of the Act is "An Act to Regulate Business Practices Between Motor Vehicle Manufacturers, Distributors and Dealers." P.L.1975, ch. 573.

2. The Legislature excluded motorcycles from the definition of "motor vehicles" in 1997. L.D. 1327, Summary (118th Legis.1997) ("This amendment transfers motorcycles from the automobile dealer franchise laws to the personal sports mobile franchise laws . . . .").

(1) "motor driven," (2) a "vehicle," with the exclusion of a motorcycle, and (3) "required to be registered under Title 29–A, chapter 5." *Id.*[3]

[¶ 8] There is no dispute that graders are motor driven, thus satisfying the first component of the definition. We turn then to the second component of the definition. The Act does not define the term "vehicle," but it makes a specific reference to title 29–A, in which "vehicle" is defined as follows:

> "Vehicle" means a device for conveyance of persons or property on a way.[4] "Vehicle" does not include conveyances propelled or drawn by human power or used exclusively on tracks or snowmobiles as defined in Title 12, section 7821.

29–A M.R.S.A. § 101(91) (1996). Thus, the distinguishing characteristic of a "vehicle" is its use in conveying people or property.

[¶ 9] The third component provides little enlightenment. Although the Legislature has made a specific reference to title 29–A, chapter 5, for "vehicle[s] ... required to be registered," the referenced chapter does not list or expressly state what types of "vehicles" are "required to be registered." 29–A M.R.S.A. § 351 (1996 & Supp.2000). Rather, "vehicles" under title 29–A, chapter 5, are required to be registered only if they are operated or placed on a public way.[5] *Id.*

■ [¶ 10] Integrating the elements of these definitions, the term "motor vehicle," for purposes of the Dealers Act, has the following plain meaning:

> Any motor driven device for conveyance of persons or property on a road, highway, parkway, street or bridge used for vehicular traffic, whether public or private, that is operated or remains on a public way.[6]

[¶ 11] Comparing the features and characteristics of a motorized grader to the definition of a motor vehicle, we conclude that a motorized grader is not a motor vehicle under the Act. *See* 10 M.R.S.A. § 1171(11).[7] Unlike motor vehicles, motorized graders are more akin to tools or equipments that are used for certain tasks or projects, e.g., landscaping, road maintenance, or snow removal. *See* WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY 362

---

3. The Legislature has not provided a description or list of the types of devices that fall under this definition of "motor vehicle." *Cf. Clarke v. Olsten Certified Healthcare Corp.,* 1998 ME 180, ¶ 6, 714 A.2d 823, 825.

4. A "way" is defined as "the entire width between boundary lines of a road, highway, parkway, street or bridge used for vehicular traffic, whether public or private." 29–A M.R.S.A. § 101(92) (1996).

5. Title 29–A, chapter 5, provides that "[t]he owner of a vehicle that is operated or remains on a public way is responsible for registering the vehicle." 29–A M.R.S.A. § 351 (Supp. 2000). A "public way" is defined as "a way, owned and maintained by the State, a county or a municipality, over which the general public has a right to pass." 29–A M.R.S.A. § 101(59) (1996).

6. The Dealers Act's definition of motor vehicle specifically excludes from its coverage "motorcycles" and "conveyances propelled or drawn by human power or used exclusively on tracks or snowmobiles as defined in Title 12, section 7821." 10 M.R.S.A. § 1171(11) (Supp.2000); 29–A M.R.S.A. § 101(91) (1996). There is no dispute that graders do not fit within any of these exclusions.

7. Our opinion today concludes that a grader is not a motor vehicle in the context of the Dealers Act *only,* and we are not called upon to determine whether a grader is a "vehicle" or "motor vehicle" for purposes of any other statute. We note, however, that the Legislature chose to enact a specific definition of motor vehicle within the Dealers Act, and did not simply adopt the definition of motor vehicle contained in title 29–A. *Compare* 10 M.R.S.A. § 1171(11) ("motor vehicle"), *with* 29–A M.R.S.A. § 101(42) (1996) ("motor vehicle"). The Dealers Act's definition contrasts with the broader definition of motor vehicle contained in title 29–A, which defines a motor vehicle as "a self-propelled vehicle not operated exclusively on tracks ...." 29–A M.R.S.A. § 101(42). Thus, contrary to Burkitt's arguments, a grader could be a "motor vehicle" for purposes of title 29–A, but not a "motor vehicle" for purposes of the Motor Vehicle Dealers Act.

(7th ed.1970) (defining "graders" as "machine[s] for leveling earth"). As Burkitt's own brochures state, a graders' primary function is for use in specific jobs:

> Whether you're road building, fine grading, plowing snow or cleaning ditches, we offer a complete range of graders that deliver superior power, performance and reliability to every job.

Although graders may incidentally carry a person or property, by the mere necessity that they require an operator, their intended function is not for the transport or conveyance of persons or property.

[¶ 12] Further, unlike motor vehicles, which by definition are intended to be operated on a public way, graders are machines that are generally used in limited areas or at a particularized site, e.g., a construction site. Graders are bulky and heavy, ranging from 9420 to over 40,000 pounds, and come equipped with large traction tires that are generally not suitable for transportation on Maine's public ways. *See* 10 M.R.S.A. § 1182 (Supp. 2000).[8] Graders are simply not devices for the conveyance of persons or property on a public way, except incidentally as part of road construction, snowplowing, or maintenance work. *Cf. Palleria v. Farrin Bros. & Smith,* 153 Me. 423, 140 A.2d 716, 725 (1958) (referring to a grader as a "large piece of road construction equipment").

■ [¶ 13] Accordingly, we end our analysis here. "[I]f the meaning of the statute is clear on its face, then we need not look beyond the words themselves." *Cook v. Lisbon Sch. Comm.,* 682 A.2d 672, 676 (Me.1996). The plain meaning of the

term motor vehicle under the Motor Vehicle Dealers Act does not include motorized graders within its definition. *See* 10 M.R.S.A. § 1171(11).

[¶ 14] Therefore, we answer the question posed to us by the United States District Court in the negative. Motorized graders are not "motor vehicles," as that term is defined in 10 M.R.S.A. § 1171(11).

---

**8.** *See also* 29–A M.R.S.A. § 513 (1996 & Supp.2000) (setting out registration provisions for "special mobile equipment"). A grader is a "special mobile equipment," which is defined as follows:

> [A] self-propelled device operated over the highways that is not designed or used primarily for the transportation of persons or property, including, but not limited to, road construction or maintenance machinery, ditch-digging apparatus, stone crushers, air compressors, power shovels, cranes, graders, rollers, trucks used only to plow snow and to carry sand for ballast, well drillers and wood-sawing equipment used for hire or similar types of equipment.
>
> Special mobile equipment that makes frequent movement over public ways, including, but not limited to, self-propelled well drillers or air compressors, is considered Class A equipment. All other special mobile equipment may be considered Class A or Class B equipment at the option of the registrant.

29–A M.R.S.A. § 101(70) (1996).